BRYANT LUMBER COMPANY *v.* CRIST.

Opinion delivered October 5, 1908.

AGENCY—UNDISCLOSED PRINCIPAL—LIABILITY.—Where an agent makes a contract for an undisclosed principal, both the principal and the agent may be held liable, at the election of the party who dealt with the agent.

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; affirmed.

*H. M. Armistead* and *Carmichael, Brooks & Powers,* for appellants.

1. The evidence is too vague, indefinite and uncertain to support the verdict.

2. The contract had been fully discharged, before the death of appellee's intestate, by the payment of $527 in cash and assignment of the lease for 1903 and 1904.

3. The requirements for merchantable timber were much more strict during the period covered by the contract than in 1906 or at the time of the trial, and appellants were entitled to the instruction asked for presenting this theory of their defense. 50 Ark. 549.

4. The refusal to give appellant's sixth and seventh instructions was erroneous. Appellants were liable only for the timber cut, and not for timber left standing. 48 Ark. 522.

5. Instructions 1, 2 and 3 should not have been given. No. 1 allows 6 per cent. interest and a finding against B. Faisst. There is no contract for such interest. No. 2 authorizes a finding against the company. Faisst and the company are not both liable. Since it was conceded that the contract was made for

the benefit of the company, these instructions only served to confuse the jury.

*P. H. Prince* and *Sam Frauenthal,* for appellee.

1. The testimony is positive as to the measurement of the timber, and a correct method of estimating the quantity was used. The jury saw and heard all the witnesses, were the judges of their credibility and the weight to be attached to their testimony, and their verdict should stand.

2. The contract had not been discharged. The indorsement upon the contract represented solely a settlement between Mr. Crist and the Blackwell heirs. Moreover, Mrs. Burrows testified that Crist retained and owned all the timber still standing on the land.

3. The court properly refused the instruction referring to the merchantable qualities of the timber, and directing the jury to disregard certain testimony if the requirements for merchantable timber had changed. Crist sold to Faisst "all the merchantable timber suitable for making lumber."

4. The sixth and seventh isntructions requested by appellants were properly refused. 57 Ark. 340; 84 Ark. 603.

5. Instructions 1, 2 and 3 given by the court are right. 1 Am. & Eng. Enc. of L. (2 Ed.) 1122; *id.* 1140-1196.

HILL, C. J. W. H. Blackwell owned a tract of timber land in Perry County, and on December 1, 1896, sold the timber thereon to J. M. Crist. The timber was to be cut and removed by December 1, 1904. Crist took possession of the land, and cut some timber therefrom. On the 19th of February, 1901, he entered into a written contract with B. Faisst by which he sold Faisst all the merchantable timber suitable for making lumber upon said lands.

The terms of payment were provided in said contract, including the payment to the heirs of Blackwell for the amount which would accrue to them under the terms of the contract between Blackwell and Crist. The aggregate amount due the Blackwell heirs was $1025. It was further provided that the amount of all the timber sold should be paid for within two years from the date thereof.

Faisst was president of the Bryant Lumber Company, and it was admitted that he made the contract in his own name but on behalf of the lumber company and for its benefit. The lumber company cut timber from said land, and made various payments therefor, and among others made a settlement with Mrs. Burrow for the heirs of Blackwell on the 14th of October, 1902.

Crist brought suit in his lifetime against the lumber company for the amount due under the contract, but it was dismissed. He subsequently died, and this action was brought by his administratrix to recover for the timber cut by the company and the timber not used by it at the expiration of the lease. It was shown that the lumber company and Faisst were familiar with terms of the lease by which Crist's rights ceased on the first of December, 1904. The administratrix recovered judgment for $1500, and the lumber company and Faisst have appealed.

1. The first contention is that the verdict is not supported by the evidence. There is a conflict in the testimony as to the amount of timber on the land and as to the amount cut by the lumber company. The appellants insist that the evidence adduced by the appellee to sustain the amount cut by the company and that left upon the land is vague, indefinite and uncertain, and not sufficiently reliable to constitute the basis of a recovery. It is contended that it was not possible to measure the stumps of the trees and then measure the tops of the trees when the intervening log was gone, and then determine whether or not the intervening timber contained in the tree was merchantable after several years had elapsed and the land had been inundated by floods, in some instances covering the stumps with sediment, and sometimes carrying away the tops.

Witnesses for appellee, however, said that they were able, except in a few instances, to find the tops of the trees and by the rule of scaling timber to make an estimate of the amount taken therefrom; and, where they were unable to do so, to make an approximation thereof; that they were able to recognize the stumps from their age which had been made by the cutting of the lumber company, and did not estimate the cuttings which had been made some years prior thereto by Crist. The argument made against the testimony goes solely to its weight, and

does not reach to its competency. The evidence was sufficient to sustain the verdict, and the court was right in refusing to exclude the testimony of certain witnesses as requested by appellants.

II. It is contended that there was a settlement between Mr. Crist and Mr. Faisst in the lifetime of Mr. Crist of the matters in controversy, and that Mr. Faisst's testimony upon this point was undisputed. But Mrs. Burrows, with whom the settlement was made, gives another version of the transaction, and she says that after the settlement was made Crist still retained the right to the standing timber until the first of December, 1904, and that he only surrendered to her the agricultural portion of the land, and not the timber, as a result of the settlement. The issue as to the settlement was properly sent to the jury, and their finding is not without evidence to support it. In addition to Mrs. Burrow giving a different version of the transaction, there were other facts in evidence not necessary to review which were in conflict with the testimony given by Mr. Faisst on this point. The jury was warranted in not accepting his testimony of the settlement.

III. Appellants asked an instruction of the court to the effect that appellee could not recover for any timber left standing on the land by the appellants, but that the appellants were only liable for timber actually cut, scaled and received by them. This was an erroneous construction of the contract. It was a sale to Faisst of "all the merchantable timber suitable for making lumber, standing and lying (being) on the following described lands·    .    .    .    ." Then follows a description of the lands, and following that the terms of payment, concluding with this clause: "And the payment of all of said timber hereby sold shall be completed within two years from date hereof."

This was a sale of all the merchantable timber suitable for lumber, and all of such timber had to be paid for, whether used by the lumber company or not. Crist had a right to utilize every foot of the timber until December 1, 1904. Instead of utilizing it himself, he sold it to the lumber company; and it was reasonable and business-like that he should sell all of the timber that he had, instead of selling only such as the lumber company saw

fit to use. At any rate, such were the terms of the contract, and it must be enforced as written.

IV. Objection is made to an instruction which told the jury that if they found that Faisst was president and manager of the lumber company, and while acting as such made the contract with Crist, and that the lumber company acted under the contract, it would be liable; and also to an instruction that if Faisst executed the contract in his own name he is bound by such contract. These instructions were right and pertinent to the case. Where an agent makes a contract, he is primarily liable, and the principal, when discovered, can be held liable, at the election of the party who has dealt with the agent. In such cases both parties are liable. Mechem on Agency, 695-696; 1 Am. & Eng. Enc. 1122; *Miss. Val. Const. Co.* v. *Abeles & Co., ante* p. 374; *Benjamin* v. *Birmingham,* 50 Ark. 433.

Some other matters are presented, and all have been carefully considered; but the court finds no error in the record, and the judgment is affirmed.