UNITED DRUG COMPANY v. BEDELL.

Opinion delivered July 12, 1920.

EVIDENCE—PAROL EVIDENCE RULE.—In an action at law on a note signed by defendant, without indicating that he signed as agent, parol evidence was inadmissible to show that he signed the note as agent merely for an undisclosed principal; and it is immaterial that the alleged principal had been discharged from her debts in a bankruptcy proceeding in which the plaintiff filed his claim based on such note.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; reversed.

*Reinberger & Reinberger,* for appellant.

1. The main questions presented by this appeal are, did appellee, in dealing with appellant, advise them that he was the owner of the business known as Bedell's, or that his wife was the owner, and was he only acting as his wife's agent, and did appellee make himself personally liable, if he was acting as his wife's agent, by signing the notes sued on in his own name, A. G. Bedell? The court erred in its rulings on the admission of testimony that appellee at the time he signed the notes did so as agent of his wife and that she was the owner of the business and that appellant knew it. 1 Mechem on Agency, par. 1162, p. 843. See, also, Tiedeman on Com. Paper, p. 150, § 85; 1 Daniel on Neg. Inst., p. 388, § 85; 1 Rand. on Com. Paper, p. 29, § 131; 31 Cyc. 1643.

2. The court erred in its instructions to the jury. 36 Ark. 293; 60 *Id.* 66; 21 R. C. L. 896. Upon a negotiable note made by an agent in his own name and not disclosing on its face the name of the principal, no action lies against the principal. 72 U. S. (5 Wall.) 689; 109 U. S. 198.

3. Parol testimony was not admissible to show that the signer of the note was not intended by either party to be liable in any capacity. 11 Wash. 493; 39 L. R. A. 473.

*Rowell & Alexander*, for appellee.

The record shows that the court properly submitted the issue to the jury and placed the burden on A. G. Bedell to show that at the time he signed the notes he intended to execute the notes of Bedell's and that plaintiff knew they were so signed and accepted the notes with the full understanding that they were notes of Bedell's, trading under that name, and owned by Julia S. Bedell. Between the parties to a note parol evidence was admissible to show that the instrument was to the knowledge of the parties intended to be the obligation of the principal and not of the agent. 20 L. R. A. 705; 3 *Id.* 397; 15 Tex. 170; 65 Am. Dec. 152; 3 Ga. 283; 45 Minn. 21; Mechem on Agency, p. 711; 1 A. & E. Enc. L. 390-1; 104 U. S. 93; 46 Am. Dec. 182; 69 L. R. A. 629; 13 Cal. 45; 24 La. Ann. 144; Abbott's Trial Ev. 402; 142 S. W. 1150; 78 Ark. 327; 76 *Id.* 558. Upon the evidence and on the whole case the judgment is right and should be affirmed.

WOOD, J. This action was brought by the appellant against the appellee on a series of notes, twenty-six of which were for $25 and one for $13.82. The several notes were in the following form:

"$25.00     Pine Bluff, Ark., Dec. 20, 1915.     No. 24

"Jan. 1, 1918. We promise to pay to the order of United Drug Co. twenty-five 00/100 dollars, payable at the Merchants & Planters Bank, Pine Bluff, Ark., value received. No. 5870 due Jan. 1, 1918. This is one of a series of forty-four bearing this date, and it is agreed and understood that, in default of payment of the principal or interest at maturity on any of the said notes, the principal and interest on each and every note in said series shall immediately become payable, irrespective of the date of maturity specified on said note or notes.

"A. G. BEDELL."

The appellee answered denying that he had executed the notes. He set up that the notes were signed by him as the agent of Julia S. Bedell, who was the owner of Bedell's Pharmacy; that Bedell's Pharmacy was indebted to the appellant, and the notes were given to evi-

dence such indebtedness, and that appellee received no consideration whatever for the notes. He also set up that Bedell's Pharmacy, owned and operated by Julia S. Bedell, filed a petition in bankruptcy and listed as her creditors the appellant for the entire amount of the notes sued on; that Julia S. Bedell was declared a bankrupt, and her indebtedness, including the notes sued on, was discharged.

The court over the objection of appellant permitted the appellee to introduce testimony tending to prove that appellee at the time he signed the notes in controversy did so as the agent of his wife, Julia S. Bedell; that his wife was the sole owner of the business conducted under the firm or trade name of ''Bedell's'' and that the indebtedness evidenced by the notes was the debt of Julia S. Bedell, and that appellant knew such to be the case, and also knew at the time the notes were executed and delivered that appellee was acting as the agent of his wife.

The rulings of the court on the admission of testimony and the instructions to the jury show that the issue of appellee's liability was presented on the above theory.

There was a judgment in favor of the appellee, from which is this appeal.

Mr. Mechem says: ''The question of the admissibility of parol evidence to show who was intended to be bound by a negotiable instrument executed by an agent is not one free from difficulty, and the decisions are in conflict. Where the instrument upon its face is apparently the promise of the agent only, there being nothing in the body of the instrument or appended to his signature to suggest the existence of a principal, * * * it binds him only whom it purports to bind, and parol evidence is inadmissible to discharge the apparent maker or to charge some one not disclosed.'' Again, ''Where the paper on its face is the undertaking of the agent only, no reference being made on its face to representative capacity, and where the paper on its face is unmistakably the principal's, parol evidence will not be received, in the one case to exonerate, and in the other to charge

the agent. So also, upon paper apparently made by the agent only, an undisclosed principal can not be held, how-ever much he may be liable, as between the original parties, upon the acts or facts which constitute the consideration." Mechem on Agency, § 1162, p. 843.

The above is the true rule deduced by Mr. Mechem, after a consideration of the authorities, as to paper which on its face bears no reference to a principal, and where there is nothing in the body of the instrument itself, or following the signature, indicating that the signer is acting in a representative capacity. We are not aware of any conflict in the authorities as to this rule applicable to negotiable paper signed as were these notes. See also, Tiedeman, Com. Paper, p. 150, § 85; 1 Dan. Neg. Inst., p. 388, § 85; 1 Rand. Com. Paper, p. 219, § 131; and cases cited by these authors in notes. The facts of this case bring it strictly within the above rule.

But according to Mr. Mechem the rule is different in cases where the paper on its face contains some reference to a principal or where there is some appellation indicating representative character.

In the latter case, according to Mr. Mechem, between the immediate parties to the instrument, parol evidence is admissible to show "that the instrument was to the knowledge of the parties intended to be the obligation of the principal and not of the agent and that it was given and accepted as such." 1 Mechem, *supra*, II, 1 a, b.

There is a decided conflict in the authorities as to the latter rule stated by Mr. Mechem, as conceded by him, but he believes that the preponderance is in favor of the rule as he states it. However, our own court has decided the question contrary to the latter proposition as declared by Mr. Mechem in his subdivision b, *supra*.

In *Lawrence County Bank v. Arndt*, 69 Ark. 406, we held: "That where the only evidence on the face of the promissory note that the persons signing did not intend to bind themselves personally was the suffix to their signatures of some designation of agency, as by signing themselves, respectively, as president, vice-president,

secretary, and treasurer, without stating for whom or for what company they were acting, they are liable personally, and can not as a defense show by parol evidence that they intended to bind a certain corporation for which they were acting.''

*Bank* v. *Arndt, supra,* was a suit between the original parties, and the signers designated themselves respectively as president, vice-president, secretary, and treasurer. Nevertheless, we held that parol testimony was inadmissible to prove that it was the intention of the parties that the makers were not to be bound as individuals.

The facts of the present case are much stronger in support of the first rule announced *supra* than were the facts in the case of *Bank* v. *Arndt, supra,* for the reason that here the appellee did not even affix ''Agt.'' after his signature, whereas in the Arndt case the signers did affix their official titles.

Let it be remembered that this is a simple suit at law to recover on the notes. No effort is made by the appellee to have the notes reformed to carry out the true intent of the parties, as was the case in *Bank* v. *Arndt, supra.*

The court erred in its rulings, the judgment is, therefore, reversed and the cause is remanded for new trial.

HART, J. (dissenting). One of the defenses in this case is that Julia Bedell filed a petition in bankruptcy and listed the plaintiff as one of her creditors for the entire amount sued on herein.

The plaintiff duly filed its claim in bankruptcy as a debt due it by Julia S. Bedell. The claim was sworn to as provided by the act of Congress relating to bankruptcy and the claim included the notes sued on herein.

These facts are shown by the undisputed testimony. The uncontradicted evidence also shows that at that time the plaintiff knew that A. G. Bedell was acting for his wife, Julia S. Bedell, when he bought the goods and executed the notes for their purchase price. Having elected to proceed against the principal after it was advised of the agency, the plaintiff can not recede from the election.

The rule is that if when the creditor discovers the principal with a full knowledge of the circumstances connected with the transaction he proceeds against the principal, it is equivalent to an election to abandon all claims against the agent.

In the case at bar the creditor with a full knowledge of ·all the facts elected to proceed against the principal, and the law would say that this is an election to look to the principal and an abandonment of all claims against the agent.  31 Cyc., p.. 157, and cases cited; 2 C. J. 527, p. 844.

In the case of *Mississippi Valley Construction Co.* v. *Chas. T. Abeles & Co.,* 87 Ark. 374, the court said that the doctrine is well settled that where a party deals with an agent without any disclosure of the agency, and without any knowledge thereof, he may elect to treat the after-discovered principal as the one with whom he contracted, and hold him responsible for the debt.  See also *Benjamin* v. *Birmingham,* 50 Ark. 433.  Therefore, under the undisputed evidence, the judgment of the trial court was right, and should be affirmed.

Judge SMITH concurs in this dissent.