OLIVER CONSTRUCTION COMPANY *v.* UNION TRUST COMPANY.

Opinion delivered June 14, 1926.

1. EVIDENCE—VARYING WRITING BY PAROL.—Where an order drawn by a subcontractor on a construction company to pay a sum of money direct to a trust company named upon the sole condition that a certain estimate due to the drawer at a named date should be sufficient to cover the order, testimony of the president of the construction company that the acceptance was upon a further condition that the amount named should be due to the drawer after paying the wages of laborers employed under the drawer, was properly excluded.

2. ASSIGNMENTS—OPERATION AND EFFECT.—Where an order drawn on a construction company to pay a trust company named a sum of money out of an estimate due the drawer on a named date and the drawee's acceptance amounted to an absolute agreement to pay the sum out of the estimate if it amounted to the face of the order, and, under the undisputed evidence, the estimate amounted to more than the sum named in the order, *held* that an instructed verdict for the trust company was properly directed.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Phillip McNemer,* for appellant.

*Charles S. Harley,* for appellee.

HUMPHREYS, J. This suit was instituted in the circuit court of Pulaski County, Third Division, by appellee against appellant upon the following order and acceptance.

"September 4, 1923.

"Oliver Construction Company,
Little Rock, Ark.

"Gentlemen: Please pay direct to the Union Trust Company of Little Rock, Arkansas, the sum of one thousand dollars ($1,000) out of estimate due me October 12, 1923.        Yours very truly,

(Signed) "J. C. STEBBINS.

"Accepted for payment direct to the Union Trust Company of Little Rock, Ark., on October 12, 1923, this 4th day of September, 1923.

"THE OLIVER CONSTRUCTION COMPANY,
"By R. B. Oliver, President."

It was alleged in the complaint that J. C. Stebbins was a subcontractor under appellant, which had a contract with Pulaski County Road Improvement District No. 10 for the construction of certain work for said district; that he executed the aforesaid order, which was accepted by appellant; that the estimate furnished by the engineer of the work done by J. C. Stebbins under the contract up to the 12th day of October, 1923, amounted to more than the sum specified in the order, and that appellant had refused to pay the order when presented.

Appellant filed an answer admitting the execution of the order and its acceptance, but denying any indebtedness thereon for the alleged reason that it had paid more than the amount of the estimate of the work done by J. C. Stebbins up to October 12, 1923, to laborers, in accordance with the provisions of the bond which appellant was required to give as original contractor under the act establishing the district. It also denied liability upon the alleged ground that its acceptance was conditioned upon money being due J. C. Stebbins out of the estimate on said date after the payment of his laborers, and that none was due him.

The cause was submitted upon the pleadings and testimony introduced by the respective parties, at the conclusion of which the court instructed a verdict for the appellee, over the objection and exception of appellant, upon the theory that the acceptance of the order was an unconditional promise to pay it to the extent of the estimate to be rendered on said date. A judgment was rendered for $1,000 against appellant in accordance with the instructed verdict, from which is this appeal.

In the course of the trial, appellant offered to prove by its president, R. B. Oliver, that, when the order was brought to him for acceptance, he told appellee that J. C. Stebbins was a subcontractor of appellant in District No. 10; that he had two big gangs of laborers on the job, which were getting along badly with their work; that the

laborers would have to be paid every fifteen days, and that, after paying them, he would pay appellee such amount as he might owe Stebbins out of the estimate on October 12, 1923; that, after paying the laborers out of the estimate rendered on that date, there was nothing left to pay on the order given by Stebbins and accepted by him; that the estimate rendered on said date was the amount due appellant from the district for work done by employees under Stebbins; that the estimate due Stebbins by appellant was determined by first deducting the amount due the laborers from the amount due him according to the contract price he had with appellant.

The court excluded this testimony upon the ground that it contradicted the written order and acceptance, to which ruling of the court appellant objected and excepted.

The undisputed evidence shows that the sum due Stebbins from appellant under his contract with it amounted to more than the face of the order on October 12, 1923, unless appellant had the right to deduct the amount it had paid the laborers employed by Stebbins before paying anything on the order and acceptance. The language of the order and acceptance is unambiguous, and means that appellant will pay appellee the sum of $1,000 out of the estimate to be rendered on October 12, 1923, if it should amount to that much or more. The order and acceptance did not provide for payment out of any balance which might be due Stebbins on that date, but for payment out of the estimate which would be due on that date. There being no ambiguity in the order and acceptance which imported absolute liability upon the sole contingency of the estimate being sufficient to cover the order, the court properly excluded the testimony of Oliver tending to contradict the written contract.

The court also correctly construed the order and acceptance as an absolute agreement to pay $1,000 out of the estimate to be rendered on October 12, 1923, if said estimate amounted to the face of the order or more.

According to the undisputed evidence, the estimate amounted to over $1,500.   In view of this undisputed fact, the court properly instructed a verdict and rendered a judgment in favor of appellee for $1,000.

No error appearing, the judgment is affirmed.