NATIONAL REFINING COMPANY *v.* THIELMAN.

Opinion delivered June 21, 1926.

1. PRINCIPAL AND AGENT—RATIFICATION OF AGENT'S ACT.—Where plaintiff sold an automobile to defendant's salesman, the shipment by defendant to plaintiff of certain goods pursuant to plaintiff's order, which stated that plaintiff's delivery of an automobile to defendant's salesman had paid plaintiff's account to defendant and would pay the order inclosed, did not constitute a ratification of the purchase of the automobile on defendant's credit, nor an agreement to pay the remainder of the purchase price.

2. PRINCIPAL AND AGENT—UNAUTHORIZED ACT OF AGENT—RATIFICATION.—Where defendant's salesman, without authority, purchased an automobile on defendant's credit, and plaintiff's account with defendant was credited as part of the purchase price, *held* that acceptance by defendant of the salesman's notes covering plaintiff's account with defendant did not constitute a ratification of the purchase.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark*, Judge; reversed.

*M. F. Elms*, for appellant.

*Joseph Morrison*, for appellee.

McCULLOCH, C. J. The appellee, L. H. Thielman, is engaged in the automobile business and the business of selling oils, gasoline and other supplies in the city of Stuttgart, Arkansas, under the style of Stuttgart Auto Company, was so engaged during the year 1923, and he instituted this action against appellant to recover the price of an automobile alleged to have been sold by appellee to appellant on June 11, 1923. Appellant answered, denying that it purchased the automobile from

appellee or authorized its purchase or ratified the sale. The trial of the issues before a jury resulted in a verdict in favor of appellee for the price of the automobile.

Appellant is a foreign corporation, engaged in refining and distributing gasoline and oil. Its principal office, through which the Arkansas business is done, is situated in Memphis, Tennessee. At the time of the transaction under investigation, appellant had an employee named Peckenpaugh looking after the Arkansas business. Peckenpaugh was designated as "field agent," and the testimony shows that his duties were to employ salesmen and superintend their operations. There were numerous salesmen covering the territory, whose business was to solicit sales of commodities and send in orders for approval to the Memphis office. These salesmen traveled in automobiles, which they furnished themselves for their own use. According to the undisputed testimony, appellant did not furnish automobiles to its agents and did not give them any authority to purchase same.

Shortly before the purchase of the automobile from appellee, a man named Dornblaser was employed by Peckenpaugh as a traveling salesman for appellant. It became necessary for him to purchase an automobile with which to cover his territory as salesman, and Peckenpaugh suggested to him that he buy the car from one of appellant's customers so as to encourage trade, and, pursuant to this suggestion, Peckenpaugh and Dornblaser went to Stuttgart to confer with appellee about the purchase of a car, and the sale was consummated from appellee to Dornblaser. The usual form of sales contract was entered into, signed by appellee, and by Dornblaser in his individual capacity. Appellant's name does not appear in the contract of sale. At that time appellee was indebted to appellant on account in the sum of $383.38 for gasoline and oil previously purchased. In the contract, or memorandum, of sale between appellee and Dornblaser the price of the automobile and certain equipment sold at the time aggregated $1,060, and appel-

lant's account against appellee for $383 was credited on the account, leaving a balance of $678.62. There was inserted opposite this balance a statement in writing as follows: "Balance to be paid for with products from National Refining Company." When the sale was made and the contract was signed, Peckenpaugh was present, and he made out at that time an itemized statement of the amount due from appellee to appellant in the sum of $383.38, and added thereto the following statement: "This account to be paid by Raymond Dornblaser, salesman for the National Refining Company, in monthly installments, which is covered with notes in favor of above company; each month a paid-up note will be forwarded to Stuttgart Auto Company, together with credit memo, showing credit on account." This was signed, "National Refining Company, by D. L. Peckenpaugh." Dornblaser then executed installment notes in the sum of fifty dollars each, payable to appellant, and delivered same to appellant. One of the notes was paid, and appellant credited same to the account of appellee and forwarded to the latter a memorandum credit slip.

On June 16, 1923, appellee sent to appellant's place of business, or substation, at DeWitt, Arkansas, an order for gasoline and oil, as follows:
"National Refining Co.,
DeWitt, Arkansas.
          "Attention Mr. Williams.

"Dear sir: Mr. Parrish called on us last Wednesday and we gave him an order for one barrel of heavy oil and 200 gallons of gasoline, which was to be delivered Friday of this week.

"We delivered a Dodge car to you people not long ago, which paid our account in full and will also pay for this order. Please deliver this not later than Monday, as we will need it then.
                    "Yours truly,
                         "STUTTGART AUTO COMPANY."

There was no reply to this letter, but the quantity of gasoline specified therein was shipped to appellee,

and the testimony establishes the fact that the order was forwarded to the Memphis office, where it was approved on August 4, 1923. Appellee wrote to the Memphis office of appellant thereafter informing the manager of the sale of the automobile and that payment would be claimed from appellant. Shortly thereafter there was a reply to this letter, denying liability for the sale of the automobile to Dornblaser. It appears from the testimony that, before this time, Dornblaser had quit the employ of appellant and had disappeared from the country. No one who testified in the case knew anything about what had become of him.

The trial court instructed the jury that the undisputed evidence showed that neither Dornblaser nor Peckenpaugh had any authority to purchase the automobile in appellant's name, and that the question of authority should not be considered. The court, however, submitted to the jury the question of liability on the theory of ratification of Dornblaser's purchase by appellant. That instruction was in correct form, and, if the evidence is sufficient to sustain the finding of the jury on the issue of ratification, the judgment should be affirmed; otherwise it should be reversed.

It will be observed that the sale on its face does not purport to be a sale to appellant. According to the undisputed evidence in the case, the purchase was made by Dornblaser in his own name. The car was delivered to him and the contract of sale was made in his name, and he signed it in his individual capacity. There is no proof that Dornblaser acted as the agent of appellant in the purchase of the car or that he had any authority to purchase the car for appellant. The court was correct in holding that there was no evidence of authority on the part of Dornblaser or Peckenpaugh to purchase the car in appellant's name or upon its responsibility. Both of those men were in the sales department, without any authority to make any purchase for appellant. Nor is there any testimony tending to show that appellant,

with knowledge that the contract had been made for the purchase of the car on its credit, ratified the same.

It is contended that the shipment of the bill of gasoline and oil ordered by appellee through the DeWitt station on June 29, 1923, constituted a ratification of the purchase of the automobile for appellant. Such is not the effect of the shipment of the oil and gasoline, for appellant had the right to make that shipment without committing it to any promise to pay anything more on the price of the automobile. Appellee was not put to any disadvantage or caused to change his attitude by reason of appellant's shipping this small bill of oil and gasoline. Conceding that appellant could not demand payment of this bill after shipping the same under the directions contained in the letter, it does not follow that the shipment constituted a ratification of the contract of purchase, or an agreement to pay the remainder of the price. Nor can it be said that the acceptance by appellant of the Dornblaser notes covering appellee's account constituted a ratification of the purchase. The contract with reference to these notes is complete in itself and specifies that the particularly described account of appellee to appellant was to be paid by Dornblaser in monthly installments covered by notes in favor of appellant, and that "each month a paid-up note will be forwarded to Stuttgart Auto Company, together with credit memo showing credit on account." This contract with reference to the account has no effect upon the contract of purchase, either as confirmation of authority on the part of appellant for the purchase to be made or ratification of the same. The most that can be said about it is that it is a contract with reference to appellant's preexisting account against appellee.

Our conclusion is that the court erred in submitting to the jury the question of ratification of the contract. The judgment is therefore reversed, and the cause remanded for a new trial.