### THRELKELD *v.* BAPTIST HOSPITAL.

### Opinion delivered April 16, 1928.

EVIDENCE—PAROL TESTIMONY TO CONTRADICT WRITING.—Where defendant signed a guaranty of payment of a hospital bill, in his individual capacity, it was inadmissible for him to prove that the guaranty was signed as superintendent of the company for which the patient was working when injured, with the intent only to bind such company.

Appeal from Crawford Circuit Court; *J. O. Kincannon,* Judge; affirmed.

*D. H. Howell,* for appellant.

*Starbird & Starbird,* for appellee.

KIRBY, J.    Appellee brought this suit against appellants on an account for an indebtedness of the sum of $314.05 for service alleged to have been rendered to appellant Threlkeld while confined as a patient at appellee's hospital in Alexandria, La., it being also alleged that appellant Gerhardt had guaranteed in writing the payment of the account.

A. L. Threlkeld was an employee of the Vincennes Bridge Company of Vincennes, Ind., at work upon the construction of a bridge near Trout, in Louisiana, and appellant Gerhardt was foreman or superintendent of the construction of the bridge, and father-in-law of appellant. Threlkeld was injured in the course of his employment on October 6, 1926, and taken by Gerhardt to the Baptist Hospital at Alexandria, La., for treatment, being admitted there on the afternoon of that day. On October

Gerhardt signed the following notation on the ledger sheet upon which Threlkeld's account was being kept: "This bill is guaranteed in full by me, and I hereby sign my name. F. O. Gerhardt. Now at Trout, Louisiana; permanent address, Alma, Arkansas."

Suit was brought against both appellants for the services rendered, the payment of which was guaranteed by Gerhardt. Appellants denied the allegations of the complaint.

The undisputed testimony shows the amount of the account charged to Threlkeld was correct, a copy of it in fact having been "O.K.'d" by him, and that Gerhardt signed the guaranty.

Testimony was introduced showing that, under the workmen's compensation law of Louisiana, the bridge company, appellant's employer, was bound to the payment for his hospital bill and medical treatment to the sum of $250, and also to the payment of a certain per cent. of the amount of wages that would have been earned during the disability caused by the injury at the regular contract price.

Gerhardt offered to testify that he did not intend to personally guaranty the payment of Threlkeld's account for medical treatment, etc., at the hospital, but only to bind the company to its payment by signing the guaranty.

The superintendent of the hospital said he understood the liability of the employer, under the law, for payment of hospital bills and medical treatment to an injured employee, and stated that he was only trying to have secured, by obtaining the guaranty of Gerhardt, the payment of any amount that should become due for treatment of Threlkeld while he was in the hospital, since his injury was so severe as to apparently require his staying therein longer than the amount the employer was required to pay would satisfy the account for.

After the introduction of the testimony in chief, appellant was allowed to amend his answer to allege

that he signed the guaranty as the superintendent of the bridge company, and on its account placed Threlkeld, another employee, in the hospital, and, as such agent, contracted with appellee for his care and treatment.

The court directed the jury to return a verdict for the amount sued for, and from the judgment thereon this appeal is prosecuted.

Appellant insists that the court erred in directing the verdict.

The undisputed testimony showed that the account sued on was correct, it had been O.K.'d by the injured employee to whom the services were rendered, and appellant Gerhardt did not deny its correctness, but attempted to show by parol testimony that, in signing the guaranty for its payment, he did so as the superintendent of the Vincennes Bridge Company, for whom Threlkeld was working at the time of his injury, acting as its agent, and intending only to bind the company to the payment of the account by such guaranty. The court correctly refused to allow the introduction of parol testimony to alter, contradict or vary the terms of the written guaranty, whose meaning is plain and unambiguous. *Bryant Lumber Co.* v. *Crist,* 87 Ark. 434, 112 S. W. 965; *United Drug Co.* v. *White,* 145 Ark. 96, 223 S. W. 372.

There being no conflict in the testimony, no error was committed in directing the verdict, and the judgment is affirmed.