Millar-Jefferies Chevrolet Company, Inc., *v.*
Wakenight.

Opinion delivered November 4, 1929.

*Culbert L. Pearce,* for appellant.

*John E. Miller* and *C. E. Yingling,* for appellee.

Kirby, J. This suit was brought in the justice court by the assignee of the written contract or $300 credit slip issued by appellant's selling agency for Chevrolet automobiles, for the purpose of taking in the owner's old car to be applied on the purchase of a new motor-car agreed to be delivered, and from a judgment against it an appeal was taken to the circuit court.

It was agreed on the trial before the court without a jury that the appellee was the holder of the credit slip, which reads as follows:

"Searcy, Arkansas, October 22, 1928.

"It is hereby agreed between Guy Ellis and the Millar-Jefferies Chevrolet Company, that Chevrolet coupe motor No.............be delivered to Millar-Jefferies Chevrolet Company to apply as a credit of $300 on a new model Chevrolet car to be delivered during 1929, or at such time as I may elect. It is further understood that, if I should elect to transfer this credit, it may be transferred for the full amount of $300, or further, should I be unable to take this car or see fit to cancel my obligation with the Millar-Jefferies Chevrolet Company, my money will be refunded, less twelve per cent. for handling and other expenses incidental to sale of this car.

"Accepted. Guy J. Ellis.

"Millar-Jefferies Chevrolet Co.,

"By W. H. Jefferies, November 15, 1928.

"The writing cert. of credit is hereby transferred to Wakenight Motors.

"Guy J. Ellis."

Appellant offered to prove that it was the contract and understanding in the issuance of the credit slip that it should have all the costs and expenses incident to the reconditioning and sale, showing the amount thereof, of the old car taken in for which the credit slip was issued, in addition to the 12 per cent. provided in the contract. The court refused to allow the introduction of this testimony, and rendered judgment against appellant company for the amount of the credit slip, less the 12 per cent. provided therein for handling and other expenses incidental to the sale of the car, from which this appeal is prosecuted.

Appellant insists that the court erred in holding this testimony incompetent, and in rendering judgment for the amount of the credit slip, less the 12 per cent. only.

The credit slip or contract appears to be plain, and its meaning clear and free from any ambiguities, and, such being the case, it was not competent to vary or contradict its written terms with parol testimony, as the court correctly held. The writing appears to be complete, and to embody the terms of the contract made, which it is presumed to do, and cannot be qualified by the introduction of any parol contemporaneous terms not included therein. *Smith* v. *Bank of Marianna*, 176 Ark. 1146, 5 S. W. (2d) 335; *Lane* v. *Smith,* 179 Ark. 533, 17 S. W. (2d) 319; 3 Jones on Evidence, § 440, p. 182; 10 R. C. L. 1070, § 265; *Oliver Const. Co.* v. *Union Trust Co.,* 171 Ark. 485, 284 S. W. 779; *Threlkeld* v. *Baptist Hospital,* 176 Ark. 1073, 5 S. W. (2d) 305.

We find no error in the record, and the judgment is affirmed.