MESSENGER CORPORATION *v.* BAILEY FUNERAL HOME.

4-7033                                              169 S. W. 2d 589

Opinion delivered March 22, 1943.

*Glenn & Scott,* for appellant.

*E. H. Bostic* and *Philip McNemer,* for appellee.

CARTER, J. Messenger Corporation sued Bailey Funeral Home, a corporation, for the purchase price of

goods sold and delivered, and appeals from a judgment for the defendant. The defense was that the goods had been paid for by allowing to the agent of the plaintiff a credit upon the purchase price of an automobile bought by the agent from the defendant, and that plaintiff manufactured and delivered the goods after receiving written notice from the defendant that it claimed that the goods were paid for by such transaction.

About January 1, 1940, defendant ordered from plaintiff, through plaintiff's agent, Canada, some calendars (for the year 1941) which were to be manufactured and delivered in the latter part of 1940. Other goods were ordered at the same time. The order amounted to $250.

The case was tried before the circuit court without a jury, and there was sufficient evidence to sustain a finding that, at about the time the order was placed, Canada bought a car from the defendant and that the down payment was made through a credit memorandum for the purchase price of goods then ordered from the plaintiff.

In April, 1940, plaintiff wrote defendant about a balance due on goods previously delivered and asked about defendant's plans for paying for the current orders of $250. On April 23, 1940, defendant wrote plaintiff that it had paid the old balance to plaintiff's agent, Canada, and further stated: "As for the $250 order, he received a credit memo on a car and since has received the car so that is also paid. Please look into this and let us know."

On April 26, 1940, plaintiff acknowledged receipt of the above letter and said in part: "We are sorry indeed to learn that you have made a payment to our representative, Mr. Canada. Will you let us know just what date that payment was made? We have no record of ever receiving it.

"In your letter you mention about a credit memo on a car. We do not believe this concerns us, but if it does, we would like to have further details regarding it. . . . Please let us hear from you and give us full

details regarding the payment you made to Mr. Canada, so we can take this up with Mr. Canada. In the future we would ask that you make no payments to our representatives unless he shows you a letter from us which gives him authority to make collections.''

Defendant did not reply to this last letter. In the fall of 1940, there were more letters, but there was no reference to, nor explanation of, this claim that the goods had been paid for in the manner indicated. Plaintiff nevertheless manufactured the goods and delivered them to the defendant. This suit is for the purchase price of these goods.

The acts of plaintiff, in making up and shipping these goods, when it knew defendant claimed that the goods were already paid for through the deal with plaintiff's agent, Canada, were a. ratification of the act of the agent. Many cases are cited to the effect that such actions of the agent, Canada, were not within his authority and would not bind his principal. These cases are beside the point. Here the principal knew that the buyer was then claiming that these goods were already paid for through a deal with the agent. In the face of this claim it manufactured and delivered the goods. It was within the power of the principal to ratify and to become bound by, the act of its agent even if the act was unauthorized. The trial court was justified in finding that, when the seller shipped the goods in face of this claim, it did ratify the acts of the agent.

No decision in point has been cited to or found by us. A similar state of facts was presented in *National Refining Company* v. *Thielman*, 171 Ark. 485, 284 S. W. 762. The decision in that case was on another issue, but on the appeal the seller in that case conceded that it was bound by the act of the agent as to goods shipped after receipt of notice from the buyer that the goods so shipped had been paid for by the allowance to the agent of a credit on the purchase price of a car.

The judgment is affirmed.