Charles BULLOCK et al *v.*
Clyde RUSSELL, Jr.

78-56                                             571 S.W. 2d 605

Opinion delivered October 16, 1978
(In Banc)

*John F. Gibson, Jr.,* for appellants.

*Arnold, Hamilton & Streetman,* for appellee.

DARRELL HICKMAN, Justice. Charles Bullock and his son, the appellants, are in the rice water management business. In 1975 they entered into a contract with Clyde Russell, Jr. to survey 1,050 acres of his land at $3.00 an acre for the purpose of building rice levees; they also agreed to manage Russell's rice crop once it was planted and up.

The parties had a dispute about the 1975 crop and Bullock and his son filed suit in the Ashley County Chancery Court to foreclose a surveyor's lien on Russell's land in the amount of $3,150.00, and also asked for judgment of $6,-750.00 as the amount due under the contract to produce rice alleging that Russell cut 67,500 bushels of rice in 1975.

Russell denied the claim in general and counterclaimed for damages alleging that the survey was deficient causing damages of $1,000.00 and the rice water management program was carelessly and negligently conducted damaging Russell in the sum of $8,000.00.

The chancellor held that the appellants had made a case on the surveying aspect of their lawsuit and granted judgment to them for $3,150.00. The chancellor denied the appellants' prayer for any money under the rice water management contract because of a failure of proof. The chancellor found that Russell had suffered $2,000.00 in damages for unnecessarily purchasing chemicals and fertilizer, on the advice of the appellants. Therefore, a net judgment of $1,150.00 was entered for the appellants.

Both parties appeal the decision of the chancellor. The appellants allege two errors: the chancellor erred in ruling inadmissible Charles Bullock's testimony estimating the production of rice on Russell's farm; and, the court erred in failing to require Russell in open court, or otherwise, to report the number of bushels harvested and sold. The appellee argues on his cross-appeal that the chancellor was wrong to not find Bullock was negligent in performing his surveying and rice management duties; and, by finding that Russell failed to prove the number of acres involved. Further, the appellee argues that the judgment for only $2,000.00 damages was erroneous in view of the proof.

We find the chancellor erroneously excluded the proffered testimony estimating the amount of rice Russell produced in 1975. Consequently, we reverse and remand the case on all issues because the chancellor's decision, in all other respects, was probably affected by his ruling on the admissibility of this evidence.

The appellant's attorney was obviously surprised that the appellee, Russell, would not provide in-court testimony about the amount of rice he produced for the year in question. To prevent an obvious dismissal of his suit for lack of proof (a request for continuance was denied), the appellant's lawyer asked the appellant on the witness stand to estimate the amount of rice that would be produced. The appellant, experienced in the management of rice farms and the management of water used on rice farms, testified that he knew the fields in question, had walked them and could estimate the production. This proffered testimony was excluded. Consequently, the court found that the appellant had failed to make a case on his claim for damages.

The court considered the "estimate" as speculation and excluded it. We have approved estimates before. In *Bryant Lumber Company v. Crist,* 87 Ark. 434, 112 S.W. 965 (1908) we approved a judgment based upon the estimate of timber cut from a tract of land. Regarding that testimony we said:

> . . . The argument made against the testimony goes solely to its weight, and does not reach its competency. The evidence was sufficient to sustain the verdict, and the court was right in refusing to exclude the testimony of certain witnesses as requested by appellants.

The law in general regarding estimates, which may be given by witnesses who are capable of making a trustworthy estimate, may be found in 31 Am. Jur. 2d *Expert and Opinion Evidence* § 158.

> Estimates of number and quantity, such as the number of animals in a pasture, the number of trees felled in a piece of timberland, the number of tomatoes which rotted in a field, the number of cubic yards of loose gravel placed on the shoulders of a road, the number of tons in a rockpile, or the percentage of trips a certain elevator made for taking passengers, may be given by witnesses who have sufficient knowledge of the subject matter of inquiry to give opinions that are dependable and trustworthy.

Furthermore, the Uniform Rules of Evidence, which we

have adopted, provide that we should construe these rules:

> . . . to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence, to the end that the truth may be ascertained and proceedings justly determined. Ark. Stat. Ann. § 28-1001, Rule 102 (Supp. 1977).

We are not unsympathetic with the court's desire to move this lawsuit to its conclusion at a time and on a date when the matter had been set for trial for some time. Appellant's counsel had no right to presume that the appellee would help him try his lawsuit. However that may be, we do find that the proffered evidence was admissible, improperly excluded and that this matter can only be fairly resolved by a retrial.

Reversed and remanded.

HARRIS, C.J., and FOGLEMAN, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. It seems to me that the majority has applied a general policy statement for construction of the rules of evidence without regard to any rule. Certainly, this was not the intention of the General Assembly in adopting the rules. It is not a "free-wheeling" device which requires this court to make rules of evidence as the particular question arises. The question here is covered by Rule 701, Ark. Stat. Ann. § 28-1001 (Supp. 1977). Perhaps Bullock's testimony was admissible as that of a non-expert under Rule 701 (1), or perhaps under Rule 702. Appellant relies on Rule 104, which, insofar as this case is concerned, has no application, except as it required that the trial court determine the qualification of the witness to express an opinion. Rule 301, also relied upon by appellant, has no application whatever. But appellant does rely upon Rules 701 and 702, neither of which is mentioned in the majority opinion. It seems that the majority, if it is to reverse the chancellor, should show how he erred and apply the appropriate rule.

Whatever the case may be, the proffer of proof does not

reach the issue. Bullock did not address himself to the quantity of rice harvested. That was the question in issue. Someone has said, "There's many a slip between cup and lip." Anyone who has ever observed farming, even remotely, is well aware that this saying has particular application and that there is a vast difference between the crop produced and that harvested.

I would affirm the decree.

I am authorized to state that Chief Justice Harris joins in this opinion.