ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* JACOBS.

Opinion delivered May 3, 1902.

1. DAMAGES—EVIDENCE—OPINION.—In an action against a carrier to recover for injuries to cattle during transportation, where there was no proof of the value of the cattle at the time they were received for transportation nor at the time they were delivered to the shipper at their destination, it was error to permit a witness to testify that they were damag d in a certain amount. (Page 405.)

2. Live Stock—Notice of Injuries—Waiver.—A requirement in a contract for shipment of cattle that the shipper give the carrier notice in writing of the place and nature of injuries to the cattle is waived where the carrier's agents had verbal notice upon which they acted, without demanding written notice. (Page 406.)

Appeal from Pulaski Circuit Court.

Joseph W. Martin, Judge.

Reversed.

### STATEMENT BY THE COURT.

This suit was brought against appellant and other carriers to recover for injuries done certain cattle during transportation. The complaint, after setting up the relation of carrier and shipper, alleged that "defendants, not regarding their duty as common carriers, * * * so carelessly and negligently kept, and so negligently and unskillfully carried and delivered, and so carelessly and heedlessly delayed the transportation of, said cattle that when the same were delivered to the consignee at Little Rock two were so badly bruised, trampled upon and wounded as to be in a dying condition and had to be killed, two others were so badly bruised and damaged as to render them of little or no value, and thirteen others were seriously and materially injured, resulting in damage to plaintiff in the sum of $240. The action was dismissed except as to appellant. Appellant answered, and admitted the contract of carriage, but denied "that it had carelessly or negligently handled said cattle, or that it had delayed the handling or transportation of same, or that same were badly bruised or damaged in the sum of $240, or any other sum;" denied "that it was responsible or liable for any injuries from any negligence on its part to said cattle while en route from Texarkana to Little Rock, Ark., and pleaded as affirmative defenses: "(1) That if said cattle were injured, the same was through the innate viciousness of said cattle in horning and trampling upon each other in said car; (2) the clause of the contract of shipment which provides: 'The shipper shall furnish reports, signed by himself and all parties in charge of said cattle, to the conductor of the train, at the end of each division of carrier's line, as to the condition of cattle; and the shipper shall be estopped from denying the truth of such reports, and his or their failure to furnish said reports shall be conclusive evidence that

cattle were in good condition. The shipper further expressly agrees that, as a condition precedent to its right to recover any damages for any loss or injury to said cattle resulting from carrier's negligence as aforesaid, including delays, he will give notice in writing to the conductor in charge of the train or the nearest station or freight agent of the carrier on whose line the injuries occur before said cars leave that carrier's line or before the cattle are mingled with other cattle or removed from pens at destination. In this notice he shall state place and nature of the injuries, to the end that they may be fully and fairly investigated, and said shipper shall, within ninety days after the happening of the injuries complained of, file with some freight or station agent of the carrier on whose line the injuries occurred his claim therefor, giving the amount. Shipper's failure to comply with the requirements of this section shall absolutely defeat and bar any cause of action for any injuries resulting to said cattle as aforesaid, and no suit shall be brought against any carrier, and only against the carrier on whose line the injuries occur, after the lapse of ninety days from the happening thereof, any statute or limitation to the contrary notwithstanding, and no damages can be recovered except those set forth in the required notice and claim."

There was a verdict and judgment for $125.

*Dodge & Johnson,* for appellant.

The burden was upon plaintiff to prove negligence. 50 Ark. 415. Injuries were the result of the inherent viciousness of the cattle, and for this the railway company was not responsible. 1 Rap. & M. Dig. Ry. Law, 747; 13 Ill. App. 251; 48 Mo. App. 179; 31 Am. & Eng. R. Cas. 86; 36 Minn. 539; 53 N. W. Rep. 7; 45 Am. & Eng. R. Cas. 312, 358; 88 Tenn. 320; 14 S. W. Rep. 311; 52 Ala. 606; 91 Ala. 340; 8 So. Rep. 649; 55 Am. & Eng. R. Cas. 380; 61 Conn. 531; 23 Atl. Rep. 870; 8 Ill. App. 160; 85 Ala. 47; 4 So. Rep. 708. Upon proof showing proper handling of the stock and proper care, the presumption is that the injury occurred through viciousness of the stock itself. 5 Am. & Eng. Enc. Law (2d Ed.), 471. Mere proof of loss is not sufficient proof of negligence. 61 Am. & Eng. R. Cas. 252; 55 Pa. St. 53; 67 Pa. St. 500; 119 Pa. St. 577; 46 Ark. 240. There is no proper evidence upon which to base the verdict. 59 Ark. 110; 47 Ark. 497; 7 Ark. 282; 61 Ark. 328; 21 S. W. 81; 21 S. W. 607; 31 S. W. 412; 67 Tex.

241; 85 Tex. 593; 56 N. W. 200; 14 Neb. 463; 68 Ark. 223. Plaintiff's failure to give notice as required by the contract bars recovery. 50 Ark. 406; 67 Ark. 409; 63 Ark. 331. The consideration in the contract of shipment was sufficient to sustain every part of it. 3 Wall, 107; 16 Mich. 79. The reasonableness of the time in which to give notice is a question for the jury. 11 So. Rep. 791; 24 S. W. Rep. 355; 18 S. E. 88; 59 Fed. 879; 24 S. W. 354; 78 Tex. 374; 21 Wall. 264; 54 Miss. 566; 28 Am. Rep. 388; 5 Hurl. & Norm. 867; 30 S. W. Rep. 1113; id. 500; 39 N. E. 426; 30 Fed. 668; 7 Wall. 386; 12 Ia. 287; 32 Fed. 519. The clause in the contract requiring notice to be given is a valid one. 68 Tex. 314; Wood, Lim. 80; Greenwood, Pub. Pol. 507; 35 Tex. 249; 59 Fed. 879; 79 Tex. 89; 68 Tex. 314; 24 S. W. 567; 5 Am. & Eng. Enc. Law (2d Ed.), 264; 21 Wall. 264. There was no proof of waiver of notice by defendant company. 63 Ark. 335.

*T. N. Robertson,* for appellees.

The doctrine of estoppel is not to be extended beyond the reasons on which it is founded. 1 Greenl. Ev. § 204. Receipts given by railway companies are not conclusive. Hutch. Car. § 122; 46 Ark. 217. The burden was upon appellant to show the injuries were not the result of negligence on the part of appellant. 65 Tex. 13; 1 Greenl. Ev. § 79; 2 do. § 219; 43 Barb. 225; 60 Miss. 1017; 36 Minn. 539; 24 Minn. 506. The defense of injury from viciousness of the cattle themselves must be affirmatively proved. 82 Tex. 104; 49 Am. & Eng. R. Cas. 157; Hutch. Car. § 222; Wheeler, Mod. Law Car. 254; 55 Pa. St. 140; 5 Am. & Eng. Enc. Law (2d Ed.), 469. Was duty of appellant to use ordinary care in preventing cattle from injuring one another. Wheeler, Mod. Law Car. 100; 14 N. Y. 570. There was sufficient evidence to justify the verdict. 39 Ark. 172; 44 Ark. 106; 57 Ark. 519; 67 Pa. St. 421; 1 Suth. Dam. § 444; 13 Met. 289. Due notice of the injury was given. 63 Mo. 214; 63 Ark. 336; 91 Ala. 347; 82 Tex. 111. Special limitations upon the carrier's liability must be fair, just and reasonable. 57 Ark. 116; 1 Tex. App. 302; 82 Tex. 111; 1 Tex. App. 402; 44 Ala. 103. Special terms of the bill of lading are invalid. 12 S. W. 1018; 3 S. W. 496. There was no error in giving plaintiff's third instruction. 65 Tex. 13; 43 Barb. 225; Boone, Neg. § 121; Hutch. Car. § 761; 7 So. Rep. 544; 5 Am. & Eng. Enc. Law (2d Ed.), 468. Positive testimony does not mean beyond a

reasonable doubt. 5 Am. & Eng. Enc. Law (2d Ed.), 468, 469; Hutch. Car. § 761.

WOOD, J., (after stating the facts.) 1. There was evidence to support the verdict on the question of negligence. As to who had the burden under the evidence was properly submitted to the jury.

2. As to whether or not the cattle were injured by reason of their own viciousness, or the negligence of the carrier, was also properly submitted to the jury under full and fair instructions.

3. It is contended that there is no evidence of the value of the stock injured, and, consequently, nothing to show the extent of plaintiff's damage.

Paul Probasco testified that he was a cattle herder, shipping and preparing cattle for market; that he had been so engaged for five years; that on the 2d day of November, 1899, he was engaged in handling cattle for W. H. Jacobs & Co. in and near Little Rock; that he inspected plaintiff's cattle that had been shipped from Vernon, Texas, on the morning of their arrival; that he found the cattle in a bad and injured condition; he found all of the cattle more or less injured; one of them was disemboweled and killed; one died shortly afterwards; four were crippled and rendered wholly unfit for market; and the balance were injured in various ways to such an extent that they could not be prepared for market; that one bull was in such a reduced condition that care could not bring him out; that of the entire lot there was but one steer—a yearling—that ever recovered sufficiently to prepare for market; that, from his experience in shipping cattle, the cause of the injury to the cattle was the delay in transportation, rough handling of the cars in which they were confined, neglect to water and feed them properly, recklessly allowing them to get down in the car and be trampled upon by one another; the weaker ones, when thrown down by rough handling of the cars, were permitted to remain down until they were trampled upon, and thus injured; that the cattle were what are called feeders, that is, cattle ready to be fed and prepared for market to be sold for beef and slaughter house purposes; that, judging from his experience in marketing cattle, and his knowledge of the market at the time, and the extent and character of the injuries, he would say that these cattle were damaged to the extent of $300. Specific objection was made to the last part of the above testimony. There was no proof of the market value of "feeders," as these cattle were designated. Nothing to show the

value of such cattle at the time they were received by the appellant for transportation, nor at the time they were delivered to appellees. A simple statement of the market value of such cattle in good condition would have enabled the jury to properly estimate the damage which had accrued to appellees by reason of the negligent handling of the cattle in transportation. The details of the manner in which the cattle were handled were before the jury, and the nature and extent of the injuries which they had received. As was said by this court in *St. Louis, Iron Mountain & Southern Railway Company* v. *Law,* 68 Ark. 224, "the jury should have been left to determine the damages according to the facts, uninfluenced by the opinions of interested witnesses." The proper criterion for determining the amount of appellee's damages was not before the jury, and we cannot know to what extent the verdict was influenced by the opinion of the witness Probasco. The data upon which he based his opinion should have been given, rather than the opinion itself. This point is ruled by *St. Louis, Iron Mountain & Southern Railway Company* v. *Law,* 68 Ark. *supra.*

4. The provision of the contract requiring that the shipper give written notice of the place and nature of the injuries to the conductor in charge of the train, or the nearest station or freight agent of the carrier, and that suit shall not be brought after ninety days from the injury, was waived by appellant. The object of requiring notice of the place and nature of the injuries is to give the carrier an opportunity for a full and fair investigation of such injuries when and where it will be most certain, easy and expeditious. *Kansas & A. V. Ry. Co.* v. *Ayers,* 63 Ark. 336. The notice is required to be in writing, so that the nature of the shipper's grievance may be definitely and clearly stated. But where it is shown that the proper agents had verbal notice upon which they acted, promptly making all the investigation desired, and without demanding any written notice, it will be taken as a waiver of the written notice. The provision is for the benefit of the carrier, and he may waive it if he chooses. The court properly instructed the jury on this point. *Rice* v. *Kan. Pac. Ry.* 63 Mo. 314. See, also, *Western Ry. Co.* v. *Harwell,* 91 Ala. 347.

The questions as to whether or not the provision was reasonable and fair requiring suit to be brought within ninety days after the injury, and whether or not such provision had been waived by appellant, were submitted to the jury upon the evidence, at the

request of appellant. Appellant, therefore, cannot now complain of the verdict on these questions.

We find no error in any of the instructions.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.