SMITH *v.* BANK OF MARIANNA.

Opinion delivered April 23, 1928.

EVIDENCE—PAROL EVIDENCE CONTRADICTING WRITTEN AGREEMENT.—A written contract cannot be contradicted or varied by evidence of an oral agreement between the parties before or at the time of the execution of such contract.

Appeal from Lee Circuit Court; *W. D. Davenport,* Judge; reversed.

STATEMENT OF FACTS.

Ben H. Smith instituted this action in the circuit court against the Bank of Marianna to recover the sum of $130, alleged to be due on an advertising contract. The bank filed an answer in which it denied that the

plaintiff had complied with its contract, and alleged that the plaintiff had refused to deliver suitable advertising material according to the terms of the contract.

The contract sued on was introduced in evidence. It was in writing, but a synopsis of its terms will be sufficient to determine the issue raised by the appeal. Ben H. Smith contracted to give the bank seventy-eight "Who's Who" advertising engravings, with ads and lobby cards, bulletin, and copy of monthly letter. The bank agreed to pay for the service, which was for eighteen months, at $2 per week, or a total of $156. Failure to pay any installment when due rendered the entire balance due. It was provided that all promises and agreements were stated in the contract and that verbal agreements with salesmen were not authorized. The contract also contained a clause that it was the entire contract, and that the purchaser of the advertising material acknowledged that the contract had been read carefully.

The cashier of the bank was a witness for it, and admitted that, under the terms of the contract, the bank agreed to pay $156 for the material supplied, and that a down-payment of $26 had been made. The material mentioned in the contract was promptly sent to the bank and received by it. The electric bulletin was broken, but the seller offered to supply a new one. The cashier of the bank said that the bank refused to pay for the advertising material because the reading-matter would not "tie-in" with the cuts, and the salesman had represented that they would "tie-in."

There was a verdict and judgment for the defendant, and the case is here on appeal.

*Griffin Smith,* for appellant.

HART, C. J., (after stating the facts). The sole reliance of the plaintiff for a reversal of the judgment is that the court erred in allowing the defendant to introduce evidence to show that the salesman of the plaintiff represented, at the time the contract was executed, that

the reading material would "tie-in" with the cuts. No such provision was inserted in the contract. On the contrary, in plain terms the contract recites that it is the sale of "seventy-eight Who's Who advertising engravings with ads and lobby cards, bulletin, and copy of monthly letter." The contract provides that all promises and agreements are stated therein, and that verbal agreements with salesmen are not authorized.

We are of the opinion that the court erred in allowing the testimony of the cashier of the bank to be introduced before the jury. His testimony to the effect that the salesman told him that the advertising material would "tie-in" with the cuts was plainly contradictory of the terms of the written contract. This court has uniformly enforced the general rule that a written contract cannot be contradicted or varied by evidence of an oral agreement between the parties before or at the time of the execution of such contract. *Federal Lumber Co.* v. *Harris,* 152 Ark. 448, 238 S. W. 611; *Delaney* v. *Jackson,* 95 Ark. 135, 128 S. W. 859; and *Pictorial Review Co.* v. *Rosen,* 171 Ark. 719, 285 S. W. 385.

In the last case cited the court upheld a ruling of the trial court to the effect that parol evidence would be admitted to show that a traveling salesman had induced a customer to sign a printed form of contract in blank because he was in a hurry to catch a train, and promised to fill in the terms of the contract in accordance with the terms of their agreement. The purchaser had confidence in him, and relied upon his representation. The salesman filled out a contract different from the one the purchaser made, and, as soon as the purchaser found it out, he countermanded the order and notified the company not to ship the goods. The court held that the evidence of the purchaser was not a contradiction of the writing, but showed what was the real agreement between the parties.

No such condition exists in the case at bar. The evidence for the bank, which was admitted over the

objections of the plaintiff, was to the effect that the sales-man of the plaintiff had represented that the advertis-ing material bought would "tie-in" with the cuts. As we have already seen, this was contradictory of the terms of the written contract which was signed by the parties after being written. Therefore the court erred in admitting it over the objections of the plaintiff, and for that error the judgment must be reversed.

Inasmuch as the case seems to have been fully developed, no useful purpose could be served by remand-ing it for a new trial. The undisputed evidence shows that the sum of $130 is due the plaintiff by the defend-ant on the contract, and that the whole of this amount is due. This amount should bear interest under the con-tract as follows: $52 from February 1, 1927, and $78 from August 1, 1927. It is ordered that judgment be entered here in favor of the plaintiff against the defend-ant for said sum.