TEARE, *et al. v.* DENNIS, *et al.*

5-167                                                          262 S. W. 2d 134

Opinion delivered November 16, 1953.

*F. J. Healy,* for appellant.

*Wm. C. Jenkins* and *Rex W. Perkins,* for appellee.

J. SEABORN HOLT, J. Appellants sued appellees in the Fayetteville Municipal Court to recover $117, alleged balance due on the following contract: ''THE NEW ERA ADVERTISING COMPANY, Dallas, Texas— (Stamped) Accepted October 13, 1949 by O. F. C. Byamp, The New Era Adv. Co.—Reserve for us the right to use your copyrighted On The Map Service in advertising the grocery business in newspaper and other media of Springdale, State of Arkansas only, for a period of ONE YEAR ONLY from the date hereof.

''For our rights to use the above copyrighted series for said period we agree to pay you at Dallas, Texas, at the rate of Three Dollars ($3.00) per change, total One Hundred and Fifty-Six Dollars ($156.00) payable Thirty-

nine Dollars ($39.00) by check herewith and Eleven dollars and seventy Cents ($11.70) on the first of each month, beginning Dec. 1, 1949, until the whole account has been paid.

"The New Era Advertising Co. agrees to ship by * * * as soon as possible Fifty-two mats size about (2 Col.) and reading matter both as we think best. We agree not to give anyone else in the above place the right to use the above copyrighted series during the term of this agreement nor thereafter until we have offered to sell you at the same rate and terms as stated above, the right to the additional use of this copyrighted series, for the ensuing year providing there shall be no default by you.

"All checks and remittances are to be made payable to the New Era Advertising Co. only. Thirty days after failure to meet any of the payments due, the whole amount remaining unpaid shall be due and payable.

"The undersigned agrees to arrange for publication in newspapers and other media and pay the costs of same and that the New Era Advertising Co. is in no way responsible for the cost of publication. It is understood that we will not continue to use any of the materials supplied by the New Era Advertising Co., after this contract is terminated.

"This entire agreement is subject to the acceptance of the New Era Advertising Co. at Dallas, Texas, and is not subject to revocation or cancellation upon acceptance. Neither party will be held responsible for any provisions or representations not embodied in writing herein. Firm —Dennis & Harger Groc., By (s) Kenneth Dennis (Official Title). Date Oct. 13, 1949—Address Hway 71 North, Springdale, Ark."

Appellees defended on the ground of "Fraud, Deceit and Inequitable Conduct" on the part of appellants' agent in the procurement of said contract in that "appellants' agent induced the signing of the contract by representing that he represented the Springdale Newspaper, which was false, that $156.00 was the total cost of the ads

for a period of one year, when in fact the cost of the ads was in addition to the price of $156.00, or about $14.00 for an ad each week, * * * hence no liability resulted on the contract."

Trial resulted in a verdict for appellees, and, on appeal, the Circuit Court, sitting as a jury, affirmed the action of the Municipal Court.

For reversal here, appellants stoutly insist that even though the contract in question were procured by fraud and misrepresentation, the undisputed evidence shows that appellees, by their acts, waived this defense and ratified the contract. We have concluded that appellants' contention must be sustained.

In brief, the following facts appear: Appellees were engaged in the retail grocery business in Springdale, Arkansas; October 13, 1949, appellants' salesman called upon appellees at their place of business soliciting an order for appellees' advertising service, which order was procured from appellees by the execution of the above contract, signed by appellee, Kenneth Dennis, on behalf of the partnership. Dennis testified that he was not sure whether he read the contract before signing. "Q. But you did go ahead and sign it without reading it, didn't you? Did the salesman tell you not to read it, or prevent you in any way? A. No, he didn't say not to read it. Q. Did you make any attempt to read it? A. Well, I don't know. I can't remember."

The contract was forwarded to appellants' office in Dallas, Texas, accepted, and the plates for printing the advertising matter were shipped to, received, and accepted by appellees. Following receipt of the plates, appellees, without complaint, made use thereof by running two of the advertisements in the Springdale News, for which appellees paid $14.00 for each ad. "Q. Now Mr. Dennis, you—did you ever run one of these ads in the Springdale News? A. We ran two—yes. Q. What did it cost you for one time? A. We only run a small ad, and I think it was fourteen dollars. Each ad—the space cost fourteen dollars. Q. And he (the salesman) told you that the hun-

dred and fifty-six dollars—whatever it was—was the total cost for the ads per year? A. Yes.''

In the circumstances, as indicated, we hold that appellees lost their right to avoid the contract for fraud, by waiver and ratification, after they were in full possession of all the facts, by going ahead, publishing and using the material.

The general rule, which is in accord with our own, is: ''Fraud inducing a contract may be waived, and a contract obtained by fraud, being voidable and not void, may be ratified by the party who was induced by the fraud to enter into the contract. Ratification or its equivalent is shown where with actual or constructive knowledge of the true facts a party by acts of commission or omission shows a clear intent to affirm the contract despite the fraud, as where he accepts the benefits thereof or acts in a manner inconsistent with repudiation. After the defrauded party with knowledge of the facts has elected to treat the contract as valid, he cannot change his position and assert that it is invalid.'' 17 C. J. S., § 165 b., page 520. See *Smith* v. *Bank of Marianna,* 176 Ark. 1146, 5 S. W. 2d 335.

Accordingly, the judgment must be, and is reversed. Inasmuch as the case seems to have been fully developed, judgment is entered here for $117.00 for appellants, which the undisputed evidence shows to be due appellants on the contract.