Rock-Ola Manufacturing Corporation *v.* Farr.

5-905                                    290 S. W. 2d 2

Opinion delivered April 23, 1956.

[Rehearing denied June 4, 1956.]

*Arvey, Hodes & Arnold & Arnold* and *Mantynbank,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

Paul Ward, Associate Justice. Appellant, Rock-Ola Manufacturing Corporation, filed a complaint against appellee, Lynn Farr, d/b/a Lynn Farr Music Company, upon the following allegations: Appellee executed to appellant a note for $2,296.83 on April 4, 1953, [upon which note three payments were made] and also a note for $864.72 on August 20, 1953; Both notes are past due, and demand for payment has been made, and; Appellee has failed and refused to pay. The prayer was for judgment on the notes for the balance due with interest, costs, and attorney fees [as provided in said notes]. For answer, appellee admitted the execution of the notes, but denied all other allegations, and for other defenses stated: (a) The notes were executed for three automatic record phonographs [and related equipment] which appel-

lant warranted to be fit for the purpose intended, but which were not, and; (b) In connection with the purchase of said merchandise appellant promised appellee an exclusive dealership in specified territory but failed and refused to carry out said promise.

After the introduction of testimony by both sides, the issues were submitted to a jury, under the court's instructions, and the jury returned a verdict in favor of appellee. Appellant now prosecutes this appeal.

For a reversal of the judgment in favor of appellee, appellant sets out three points, all of which amount to a contention that there is no substantial evidence to support the verdict of the jury.

After a careful examination of appellant's abstract and the testimony set forth therein [together with the testimony abstracted by appellee], we have reached the conclusion that (a) a jury question was raised by the testimony, and, further, that (b) appellant did not make objections in the trial court adequate to raise, on appeal, the question of the sufficiency of the evidence.

(a) Since we are affirming the judgment of the trial court on two grounds, as indicated above, it would serve no useful purpose to set out the testimony at length. It suffices to point out: The record, as abstracted, shows appellee defended on the ground of fraud in that his purchase of the merchandise was a part of an oral agreement, whereby appellant was to give him an exclusive dealership in a specified territory in Arkansas and Texas, and that appellant failed and refused to carry out this promise; The testimony clearly supports the above defense, and; The only disputed question of fact is whether appellee waived appellant's breach of contract by using, and making payments, on the machines after he knew of the breach. While the question is a close one, we cannot say, as a matter of law, that there was no substantial evidence to support the jury's verdict.

(b) Appellant's abstract does not show that any proper motion or objections were presented to the trial court to raise, here, the question of the sufficiency of the evidence to support the jury's verdict.

No instructions or objections thereto and no motion for an instructed verdict at the close of the testimony were shown. Thus, appellant allowed the issues to be presented to the jury without making any objection. Not only did appellant *allow* the fact issues to be presented to the jury, but, by reference to the record [not abstracted], we find appellant *requested* instructions [given by the court] on the questions of fraud and breach of warranty. By such action appellant waived the question of the sufficiency of the evidence. See *Bank of Hatfield* v. *Clayton,* 158 Ark. 119, 250 S. W. 347. In this case we said:

"It is further insisted by counsel that appellant, by requesting the court to give instructions submitting the issues to the jury, not only waived the error in submitting the issues at the request of appellee, but waived the right to assign as error the insufficiency of the evidence to support the verdict. Counsel is correct in the first contention, for we have often held that a request for an instruction submitting an issue operates as a waiver of the error in giving an abstract instruction on the same issue."

In *St. Louis, Iron Mountain & Southern Railway Company* v. *Jacobs,* 70 Ark. 401, 68 S. W. 248, it was stated:

"The questions as to whether or not the provision was reasonable and fair requiring suit to be brought within ninety days after the injury, and whether or not such provision had been waived by appellant, were submitted to the jury upon the evidence, at the request of appellant. Appellant, therefore, cannot now complain of the verdict on these questions."

Again, in *Berman* v. *Shelby,* 93 Ark. 472, 125 S. W. 124, this court said:

"Appellant, in his prayer for instruction number II, asked the court to submit to the jury the question as to whether or not appellees had waived the right to cancel the lease because of any failure that might have been on the part of appellant to put the water heater in

the bath room. Appellant therefore cannot complain of the finding of the jury that there was no such waiver.''

We find the same announcement in *Morris* v. *Raymond,* 132 Ark. 449, 201 S. W. 116, in these words:

''We need not consider whether or not there was sufficient testimony to establish the allegations of undue influence, for as we have already .seen, both parties asked for instructions on this question, and appellant can not now complain that there was no testimony upon which to predicate such instructions.''

We note further however it was held in the *Clayton* case, supra, and in *Missouri Pacific Railroad Company et al.,* v. *Lamb,* 195 Ark. 974, 115 S. W. 2d 864, that even where no motion for an instructed verdict was requested, the point could be raised in a motion for a new trial which questioned the sufficiency of the evidence. That rule is of no avail to appellant in this case however because no motion for a new trial was made. Act 555 of 1953, Section 11, permits but does not require a motion for a new trial. Section 21 of said Act does require an aggrieved party to ''. . . make(s) known to the court the action which he desires the court to take . . . '' This was not done by appellant in this instance.

We deem it proper to dispose of another point argued by appellant. The record shows that after the jury had returned a verdict appellant made the following oral motion to the court: ''We wish to move the court for a judgment notwithstanding the verdict of the jury.'' This motion is not abstracted by appellant but is merely referred to in the brief. Assuming [though not deciding] that this reference is sufficient to call for our consideration of the motion, we hold it was not sufficient for the purpose contended. The motion was insufficient, if for no other reason, because it did not call to the court's attention the [now] alleged insufficiency of the evidence. By the wording of this motion the trial court could only guess why appellant thought the verdict should be set aside and judgment rendered in its favor.

It follows that the judgment of the trial court should be, and it is hereby, affirmed.

Affirmed.

Justice HOLT dissents.

J. SEABORN HOLT, J., dissenting. As I read the record the primary and decisive question is whether appellee, with full knowledge of any alleged defects or alleged fraud, failed to rescind the sales of the material in question and thereby ratified them in their entirety. I am convinced that he did, and, therefore, this court should not permit him to escape his just liability on the notes sued on. The undisputed testimony, as I read it, is to the following effect. Appellee received the equipment involved in February 1953 and executed the notes on April 4, 1953 and August 20, 1953, to pay for the equipment. Appellee made three payments to appellant of $127.60 each, the last of which was made on September 10, 1953 and knew of the alleged defects in the machines a few days after he first put them on location. He made his first complaint to appellant regarding the alleged defectiveness of the machines in January 1954 and appellant's engineer repaired the machines in January 1954. Appellee expressly affirmed the sales in January 1954 by offering to return the machines to be sold by appellant, with appellee's account to be credited with the amount so received. Appellee waited until August 1954 before making known any complaint regarding the termination of his dealership or any other alleged ground of fraud. The first trial of this case was held in December 1954 which resulted in appellant being awarded the relief it sought and appellee put the machines out on location after the first trial in February and March of 1955.

Our governing rule, on facts such as are here presented, is re-announced in the recent case of *Teare, et al. v. Dennis, et al.*, 222 Ark. 622, 262 S. W. 2d 134, "Fraud inducing a contract may be waived, and a contract obtained by fraud, being voidable and not void, may be ratified by the party who was induced by the fraud to enter into the contract. Ratification or its equivalent is shown

where with actual or constructive knowledge of the true facts a party by acts of commission or omission shows a clear intent to affirm the contract despite the fraud, as where he accepts the benefits thereof or acts in a manner inconsistent with repudiation. After the defrauded party with knowledge of the facts has elected to treat the contract as valid, he cannot change his position and assert that it is invalid. 17 C. J. S., § 165 b, page 520. See *Smith v. Bank of Marianna,* 176 Ark. 1146, 5 S. W. 2d 335.'' In the more recent case of *Advance Aluminum Castings Corp.* v. *Davenport,* 224 Ark. 440, 274 S. W. 2d 649, we held: ''Headnote 1—Sales—Fraud—Payment as waiver of.—Purchaser of cooking utensils, by making monthly installment after knowledge of defects therein, waived any fraud that might have been practiced on him by vendor.''

The majority opinion points out that our examination of the record discloses that immediately following the jury's verdict appellant made the following motion: ''We wish to move the court for a judgment notwithstanding the verdict of the jury,'' and the majority seem to imply that since this motion was not abstracted it should not be considered even though we actually discovered it in the record. The majority goes further and says that in any event this motion was not sufficient to bring to the trial court's attention the sufficiency of the evidence to support the verdict. I do not agree. In justice and in all fairness, I think that what appellant did was sufficient to call to the court's attention the sufficiency of the evidence. It seems to me that it would be entirely too technical to hold otherwise.

I, therefore, would reverse the judgment and remand the cause with direction to the trial court to enter a judgment in accordance with the prayer of appellant's complaint.