GRANITE MOUNTAIN REST HOME *v.* SCHWARZ, ADM'R.

5-2840                              364 S. W. 2d 306

Opinion delivered February 4, 1963.

*Fred A. Newth, Jr.,* and *Marshall N. Carlisle,* for appellant.

*Pope, Pratt & Shamburger,* by *Donald S. Ryan,* for appellee.

CARLETON HARRIS, Chief Justice. This is an appeal by Granite Mountain Rest Home, Inc., from a judgment entered by the Pulaski County Circuit Court, following a jury verdict, wherein the rest home was held liable for the death of Harley L. Hall, Sr., a patient at the home at the time of his demise. Hall was admitted to the home, at the age of 89 years, in April, 1959. He was placed there by his children, who paid $50 per month of the charge made ($140 per month), while the State Welfare Department paid the balance of $90 per month.[1] On July

---

[1] Hall also received a personal welfare check of $5.00 per month for his personal use.

8, 1960, Hall became violently ill, was removed from the home to Baptist Hospital, and died the next day. Dr. M. D. McClain, a general practitioner of Little Rock, treated Hall, and was of the opinion that the death was due to pneumonia, which was brought on by Hall's consumption of kerosene. Suit was instituted against appellant by the administrator of the estate of Hall, alleging that,

"while the said Harley Lucian Hall, Sr., was in the exclusive care, custody and control of the defendant, the defendant did carelessly and negligently cause or allow the said Harley Lucian Hall, Sr., to consume a large volume of kerosene or similar substance, which resulted in his death on July 9, 1960."

It was further alleged that Hall suffered horrible pain and mental anguish for a period of approximately 36 hours before his death. Damages were sought for the estate in the amount of $20,000, and the sum of $5,000 was sought for mental anguish by the eight surviving children. After the filing of an answer denying the allegations, and various motions, the cause proceeded to trial. The jury returned a verdict for appellee (for the estate) in the amount of $7,500. From the judgment so entered, appellant brings this appeal. For reversal, appellant relies upon three points, the first being that the court erred in not directing a verdict for the home, and the other two relating to two allegedly erroneous instructions which were given by the court.

We are unable, under our established procedure, to consider the first point for reversal, *viz*, that the court erred in not directing a verdict for appellant. A motion for directed verdict was made by appellant at the conclusion of plaintiff's (appellee's) testimony, and was denied by the court. Whether this action by the trial court was correct is of no moment, for upon the motion being overruled, appellant proceeded to offer its evidence. We have held that when one proceeds, after the denial of such a motion, to introduce proof, he waives the error of the court in failing to grant same. *Grooms* v. *Neff Harness Co.*, 79 Ark. 401, 96 S. W. 135, *Ft. Smith Cotton Oil*

*Co.* v. *Swift and Co.,* 197 Ark. 594, 124 S. W. 2d 1. This is the only motion that appellant can have reference to, for it did not renew the motion at the conclusion of all the evidence. As stated in Wigmore on Evidence, Volume 9, Third Edition, one "cannot take advantage of the judge's *original erroneous refusal* to direct a verdict for insufficiency at the time of the first motion if he does *not renew* the motion at the close at all the evidence." The reasoning employed, is, of course, apparent, for if one has waived his original motion, and does not renew same, there is nothing to be passed upon by the court at the conclusion of the evidence. No error could have been committed by the court at this point — for nothing was presented.

There is yet another reason why this point cannot be considered. In *Rock-Ola Manufacturing Corp.* v. *Farr,* 226 Ark. 279, 290 S. W. 2d 2, this court said,

"Appellant's abstract does not show that any proper motion or objections were presented to the trial court to raise, here, the question of the sufficiency of the evidence to support the jury's verdict.

"No instructions or objections thereto and no motion for an instructed verdict at the close of the testimony were shown. Thus, appellant allowed the issues to be presented to the jury without making any objection. Not only did appellant *allow* the fact issues to be presented to the jury, but, by reference to the record [not abstracted], we find appellant *requested* instructions [given by the court] on the questions of fraud and breach of warranty. By such action appellant waived the question of the sufficiency of the evidence."

In the instant case, as pointed out, no request for directed verdict was made at the conclusion of all the testimony; appellant did request several instructions, and five were given, as requested, relating to the question of negligence. In *Rock-Ola Manufacturing Corp.* v. *Farr, supra,* this court, likewise, said,

"We note further however, it was held in the *Clayton* case, *supra,* and in *Missouri Pacific Railroad Com-*

*pany et al.,* v. *Lamb,* 195 Ark. 974, 115 S. W. 2d 864, that even where no motion for an instructed verdict was requested, the point could be raised in a motion for a new trial which questioned the sufficiency of the evidence. That rule is of no avail to appellant in this case however because no motion for a new trial was made. Act 555 of 1953, Section 11, permits but does not require a motion for a new trial. Section 21 of said Act does require an aggrieved party to '. . . make(s) known to the court the action which he desires the court to take . . .' This was not done by appellant in this instance.''

Nor was it done in this instance.

Appellant contends that reversible error was committed by the trial court in giving Plaintiff's Instruction No. 6. That instruction reads as follows:

''You are instructed that the defendant nursing home is under a duty to exercise such reasonable care for the protection and well being of the patients as the patient's known physical and mental condition requires, *and must exercise such reasonable care as is required by the patient's condition as should have been determined by such nursing home in the exercise of ordinary care,*[2] and such care to the patient must be in proportion to the patient's inability to look after his own safety and well being. This duty of care extends to safeguarding patients from dangers due to his own mental incapacity.

''Thus, if you find the defendant, Granite Mountain Rest Home, Inc., knew that the plaintiff deceased, Harley Lucian Hall, Sr., was mentally defective, if at all, as to need close supervision and that the defendant failed in its duty to give such supervision and care, and that such failure, if any, constituted negligence and was the cause of Harley Hall, Sr., death, then you are instructed to find for the plaintiff.''

The attack on the instruction is directed to the italicized portion. Appellant contends this phrase told the jury that the home did not exercise ordinary care in determining the patient's condition, and further asserts that

---

[2] Emphasis supplied.

the instruction actually makes a finding of negligence on the part of appellant. We do not agree. It is true that the instruction is awkwardly worded, but no specific objection was made. Appellant made only a general objection, and the instruction is not inherently erroneous. We think the court was, in effect, saying, ''and must exercise such reasonable care as is required by the patient's condition as that condition should, in the exercise of ordinary care, have been determined by such nursing home.'' In our view, this language means the same as that used by the trial court. At any rate, the complaint made cannot be reached by a general objection.

Error is also alleged in the giving of Plaintiff's Instruction No. 9. Here, it is contended that there was no evidence to support the instruction, but again, only a general objection was made. The instruction is not inherently erroneous. Appellant's contention (relative to the lack of evidence), would have been entirely suitable in arguing that a verdict should have been directed (if such a motion had been made at the conclusion of the evidence), but, in questioning the instruction, a specific objection was necessary.

For the reasons herein set forth, we find no merit in any of the points asserted by appellant for reversal.

Affirmed.

Mr. JUSTICE HOLT not participating.