OLIVER *v.* JONES

5-3606                                    393 S. W. 2d 248

Opinion Delivered May 31, 1965.
[Rehearing denied September 20, 1965.]

*H. Paul Jackson,* for appellant.
*Lewis E. Epley, Jr.,* for appellee.

Ed. F. McFaddin, Associate Justice. This lawsuit stems from a traffic mishap caused by cattle being on the public highway. Appellee Jones was driving his car on State Highway No. 23 in Carroll County and suddenly came upon some cattle on the highway. Jones' car struck or was struck, by a yearling, and the collision resulted in the death of the yearling and damage to the car. Jones filed action against appellant Oliver, as the owner of the yearling, seeking to recover the damages to the car. Oliver denied ownership of the yearling and all liability for damages. Trial to a jury resulted in a verdict and judgment in favor of Jones for $450.00 and on this appeal Oliver urges the two points which we now discuss.

I. *The Insurance Matter.* When plaintiff Jones was testifying, the following occurred:

"Q. Did you talk to Lynn Oliver about this after the accident?

"A. A few days after.

"O. What did he tell you?

"A. Well, he said that he went out and counted his cattle and he had none missing and I asked him if he had insurance on the cattle and he said he did, but he didn't tell me who had it insured.

"MR. JACKSON: I am going to object to any statements about insurance.

"THE COURT: I will sustain objection about insurance. The jury will disregard it.

"MR. JACKSON: I am going to move the Court at this time for a mistrial because of the fact of the mention of liability insurance or the suspicion of any liability insurance and I ask the Court to declare a mistrial.

"THE COURT: Gentlemen of the Jury, I will sustain the objection in regard to it. I will ask you to disregard it. I will ask you further if there is any question about completely disregarding the question of insurance? It's immaterial whether there is, or there isn't and it has no bearing whatsoever in this case. Since I have with-

drawn it from your consideration, I will ask you individually if you can accept the ruling of the Court, or would you have a reservation in your mind that would influence your verdict in the case? Mr. Newman, can you completely disregard the statement here and the answer given and follow the instruction of the Court?

"MR. NEWMAN: (A Juror) Yes, sir."
The Court then interrogated each juror individually and received a reply that each could and would disregard all reference to insurance.

The appellant insists that the "court erred in failing to declare a mistrial when John T. Jones, appellee, while testifying, said that the defendant-appellant had disclosed to him that he had liability insurance." As we see the record, there was no mention of the word "liability." So far as the record here shows it merely meant that Mr. Oliver had insurance on the life of his cattle. But, regardless of that distinction, we hold that the prompt action of the Trial Court eliminated any prejudice that might have occurred because of the mention of the word "insurance." *Malco* v. *McLain,* 196 Ark. 188, 177 S. W. 2d 455; *Beatty* v. *Pilcher,* 218 Ark. 152, 235 S. W. 2d 40; and *Ragon* v. *Day,* 228 Ark. 215, 306 S. W. 2d 687. We find no merit in appellant's claim.

II. *Defendant's Motion For Instructed Verdict.* At the close of the entire case[1] defendant Oliver moved that a verdict be directed in his favor; and the ruling of the Court in denying the motion for an instructed verdict is the point[2] now urged. This point has given us considerable concern. Section 1 of Initiated Act No. 1 of 1950 (as

---

[1] A motion for directed verdict was made at the close of the plaintiff's case and denied by the Court. The defendant then introduced evidence, and such waived the motion made at the close of plaintiff's case. *Grooms* v. *Neff·Harness Co.,* 79 Ark. 401, 96 S. W. 135; *Ft. Smith Cotton Oil Co.* v. *Swift,* 197 Ark. 594, 124 S. W. 2d 1; and *Granite Mountain* v. *Schwarz,* 236 Ark. 46, 364 S. W. 2d 306. At the close of entire case appellant again moved for directed verdict, and that brings the ruling before us.

[2] Appellant's point reads: "Court erred in overruling appellant's motion for directed verdict at close of plaintiff's case and at close of all testimony and jury's verdict was against weight of testimony and contrary to law all because there was no evidence that the cow that was struck was appellant's and that if it was that he knowingly allowed it to run at large or negligently allowed it to escape from its enclosure."

found on page 1013 of the printed Acts of 1951) reads: "After the passage of this Act it shall be unlawful for owners of cattle, horses, mules, hogs, sheep, or goats to allow them to run at large along or on any public highway in the State of Arkansas."[3] The plaintiff's theory was that the defendant had allowed his stock to run at large on the highway and that such violation of the statute was evidence of negligence. To make a jury question of defendant's liability in this case the burden was on the plaintiff to offer substantial evidence (a) that the yearling was the property of Oliver; and (b) that Oliver was guilty of negligence in allowing his yearling to be on the highway. *Briscoe* v. *Alfrey*, 61 Ark. 196, 32 S. W. 505, L.R.A. 607; *Fraser* v. *Hawkins*, 137 Ark. 214, 208 S. W. 296; *Fields* v. *Viraldo*, 141 Ark. 32, 216 S. W. 8; *Pool* v. *Clark*, 207 Ark. 635, 182 S. W. 2d 217; and *Favre* v. *Medlock*, 212 Ark. 911, 208 S. W. 2d 439. See also the Opinion by Judge Lemley in *Poole* v. *Gillison*, 15 Fed. Rules Dec. 194.

As to the ownership of the yearling the evidence showed: (a) that some of the cattle on the highway belonged to defendant Oliver; (b) that after the mishap some neighbors drove all the cattle (except the dead yearling) to a nearby enclosure; (c) that next morning one of Oliver's cows went back to the scene of the mishap (which testimony was designed to show that the cow was looking for her yearling); (d) that Oliver did not mark or brand his cattle and that the dead yearling had no mark or brand; and (e) that shortly after the mishap Oliver inquired concerning the amount of the damages to Jones' car and remarked at the time, "It looks like I am stuck with the bill." Oliver and his witnesses denied that the yearling belonged to Oliver; but we hold that all of the five items of evidence above listed when added together were sufficient to take the case to a jury on the ownership of the yearling by Oliver.

As to Oliver's negligence in allowing the yearling to be on the highway, we find abundant testimony to take the case to the jury. Sheriff Dwan Treat testified that

---

[3] Act No. 30 of 1901 and Act No. 174 of 1905 relate to livestock in Carroll County, but neither Act is applicable to the facts in this case.

there had been a continuous complaint of cattle running at large on Highway No. 23 at the point where these cattle were. One witness testified that he had seen Oliver's cattle on the highway; and another witness testified that the cattle had been on the highway, at or near this place, for about five hours before the mishap.

Without further detailing the evidence, we conclude that a case was made for the jury; thus, appellant was not entitled to a directed verdict.

Affirmed.