Sheila HANEY *v.* P.A. DeSANDRE

84-289                                            692 S.W.2d 214

Supreme Court of Arkansas
Opinion delivered June 17, 1985
[Rehearing denied July 15, 1985.*]

---

\* Newbern, J., concurring; Dudley, J., not participating.

*Boswell, Smith & Clardy*, by: *Clark S. Brewster*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee.

GEORGE ROSE SMITH, Justice. This is a medical malpractice action against Dr. F.A. DeSandre, a specialist in obstetrics and gynecology. Dr. DeSandre performed a hysterectomy on the plaintiff, Sheila Haney, on August 20, 1980, and in the course of the operation discovered a fetus that appeared to be from one to two weeks old. It was then too late to discontinue the surgery. The complaint was based primarily on the ground that Dr. DeSandre should have tested the patient for pregnancy before the operation. The jury verdict was for the defendant. On appeal, errors in the admission of evidence and in the refusal of an instruction are argued as a basis for reversal. The appeal comes to this court as a tort case. Rule 29(1)(o).

At the outset the appellee argues that the asserted errors are immaterial, because the court should have directed a verdict for the defendant. The premise for the appellee's argument is that

Act 709 of 1979 (Ark. Stat. Ann. §§ 34-2613 to -2620 [Supp. 1983]) is said to put the burden on the plaintiff to prove by expert testimony that the doctor failed to meet the degree of skill ordinarily used by other doctors in the locality or in a similar locality. Inasmuch as the plaintiff rested her case without producing such expert testimony, it is argued that the defendant was entitled to a directed verdict.

█ There are two obstacles to our reaching this argument on its merits. First, the appellee did not stand on his motion for a directed verdict at the close of the plaintiff's proof. Instead, he chose to introduce testimony tending to show that doctors do not routinely order pregnancy tests before performing a hysterectomy. The appellee waived his motion by not electing to stand on it. *Granite Mountain Rest Home* v. *Schwarz*, 236 Ark. 46, 364 S.W.2d 306 (1963). The defense proof was not conclusive, because it established a negative at most, that tests are not routinely ordered. This case may not have been routine. Dr. DeSandre assumed that Mrs. Haney had not missed a menstrual period, put the proof is that periods ordinarily occur every 28 to 30 days. Dr. DeSandre knew that his patient's last preceding period had begun the 36th day before the operation. The point is not controlled by *Sexton* v. *St. Paul Fire & Marine Ins. Co.*, 275 Ark. 361, 631 S.W. 2d 270 (1982), for there the issue was beyond the common knowledge of the jury. Here that may not be true. *See Jarboe* v. *Harting*, 397 S.W. 2d 775 (Ky. 1965).

██ In the second place, the statute does not expressly state that every plaintiff in a malpractice case must find a doctor willing to testify against a fellow doctor. Such a requirement might subject the validity of the statute to serious doubt, as being special or class legislation. The appellant, however, has not raised the constitutional question, and we adhere to our settled practice of not deciding such a question without its having been properly raised and argued. Until that issue is settled, we cannot assume that the posture of the case at a second trial will be the same as that now before us.

█ Since the appellee was not entitled to a directed verdict at the close of all the proof, we turn to the appellant's two points for reversal. Both have merit. First, Dr. Cole, testifying as an expert for the defense, was permitted on direct examination to bolster his testimony by producing an authoritative treatise on

gynecology and testifying that nowhere in the book "does it state that you should order routinely a pregnancy test prior to a hysterectomy." The negative is again being invoked to prove a positive. Uniform Evidence Rule 803 (18) permits statements from learned treatises to be read into evidence if relied upon by an expert witness. There was no statement one way or the other in the book. A failure to say that a test should be routinely ordered does not mean that it should not be ordered in the circumstances confronting Dr. DeSandre.

Second, the court refused to give AMI 102, which tells the jury they may consider the evidence in the light of their common knowledge, observations, and experiences in the affairs of life. AMI Civil (2d), 102 (1974). The Note on Use says not to use the instruction when AMI 1501 is given. Only the first paragraph of AMI 1501 was given. The Note on Use to AMI 1501 explains that if its second paragraph, restricting the jury's consideration to the expert testimony, is given, AMI 102 should not be used. Here the second paragraph of AMI 1501 was not given; so the court was free to give AMI 102. In a case of this kind we think the instruction to be especially pertinent, for it assures the jury that they may use common sense in considering whether the defendant was negligent.

Reversed.

Rehearing denied July 15, 1985

PER CURIAM. Petition for Rehearing is denied.

NEWBERN, J., concurs.

DUDLEY, J., not participating.

DAVID NEWBERN, Justice, concurring. I concur in the denial of the motion for rehearing in this medical malpractice action in which the appellee contended we should have ignored the appellant's points for reversal because the trial court erred in not granting the appellee's motion for a directed verdict at the end of the plaintiff's case.

In our opinion we said we would not consider the appellee's argument because rather than rest on his directed verdict motion the appellee proceeded to present evidence. In his motion for rehearing the appellee takes issue with our citation of *Granite*

*Mountain Rest Home* v. *Schwarz*, 236 Ark. 46, 364 S.W.2d 306 (1963). The appellee argues that case "holds that one cannot take advantage of the judge's original erroneous refusal to direct a verdict at the time of the first motion if he does not renew the motion at the close of all the evidence." It is true that in *Granite Mountain Rest Home* v. *Schwarz, supra*, we sent conflicting signals:

> We are unable, under our established procedure, to consider the first point for reversal, *viz*, that the court erred in not directing a verdict for appellant. A motion for directed verdict was made by appellant at the conclusion of plaintiff's (appellee's) testimony, and was denied by the court. Whether this action by the trial court was correct is of no moment, for upon the motion being overruled, appellant proceeded to offer its evidence. We have held that when one proceeds, after the denial of such a motion, to introduce proof, he waives the error of the court in failing to grant same. *Grooms* v. *Neff Harness Co.*, 79 Ark. 401, 96 S.W. 135; *Ft. Smith Cotton Oil Co.* v. *Swift and Co.*, 197 Ark. 594, 124 S.W.2d 1. This is the only motion that appellant can have reference to, for it did not renew the motion at the conclusion of all the evidence. As stated in Wigmore on Evidence, Volume 9, Third Edition, one "cannot take advantage of the judge's *original erroneous refusal* to direct a verdict for insufficiency at the time of the first motion if he does *not renew* the motion at the close at all the evidence." The reasoning employed, is, of course, apparent, for if one has waived his original motion, and does not renew same, there is nothing to be passed upon by the court at the conclusion of the evidence. No error could have been committed by the court at this point — for nothing was presented. [236 Ark. at 47-48; 364 S.W.2d at 307.]

That paragraph seems to suggest that if the motion for a directed verdict is made by the defendant at the close of the plaintiff's case in chief and is renewed at the end of all the evidence the appellate court may consider whether the motion should have been granted at the close of the plaintiff's case in chief. The appellee has cited us to other cases which also could possibly be read that way. *See, e.g., Oliver* v. *Jones*, 239 Ark. 572, 393 S.W.2d 248 (1965), where

in footnote 1 we said:

> A motion for directed verdict was made at the close of the plaintiff's case and denied by the Court. The defendant then introduced evidence, and such waived the motion made at the close of plaintiff's case. *Grooms* v. *Neff Harness Co.*, 79 Ark. 401, 96 S.W.135; *Ft. Smith Cotton Oil Co.* v. *Swift*, 197 Ark. 594, 124 S.W.2d 1; and *Granite Mountain* v. *Schwarz*, 236 Ark. 46, 364 S.W.2d 306. At the close of entire case appellant again moved for directed verdict, and that brings the ruling before us. [239 Ark. at 574; 393 S.W.2d at 250.]

My reason for declining to vote for a rehearing in this case is twofold. First, I am not convinced our ruling would have been different had we been willing to consider the propriety of denial of the motion at the close of the plaintiff's case in chief.

Secondly, our holding that we will not review the propriety of denial of the motion at the close of the plaintiff's case in chief, even if the defendant has renewed the motion at the end of all the evidence, makes sense.

While the historical development of the motion for a directed verdict is reported to have been to permit its use at the end of the trial and in the form of a motion for judgment notwithstanding the verdict to avoid risks of error and to extend time for deliberation by the judge, *see* F. James, *Civil Procedure*, §7.22, pp. 331-336 (1965), we have to recognize that the motion at the close of all the evidence is different from the earlier one. The court cannot help but be more informed at the later juncture. Either party may have produced evidence which will be enough to push the plaintiff's case over the directed verdict threshold and into the jury's parlor. It would not then be right to take the case from the jury on the ground that at some previous point in the trial the plaintiff's case was insufficient. Professor Green puts it like this:

> If the motion [by the defendant for a directed verdict at the close of the plaintiff's case in chief] is overruled, and the defendant proceeds to introduce evidence, a new motion must be made at the conclusion of the entire evidence in order to lay a proper foundation for an appeal. The reason for this is that, in ruling on the motion, the court must

consider all of the evidence, and the nature and quality of the evidence at the conclusion of the entire case may differ radically from the evidence as it existed at the close of the plaintiff's case. [M. Greene, *Basic Civil Procedure*, p. 200 (2d Ed. 1979) footnotes omitted.]

Thus, in our modern practice, the defendant's second directed verdict motion is not a mere continuation, renewal or preservation of the first directed verdict motion. By presenting evidence and thus permitting cross examination and rebuttal the defendant allows the case to progress and should not then be heard to say the case of his adversary was insufficient at its close.

The appellee argues here that his evidence contributed nothing to the plaintiff's case. However, the appellee did not contend the denial of the motion at the conclusion of all the evidence was improper.

I concur in the denial of rehearing.